## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**HERKEMIJ & PARTNERS**
**KNOWLEDGE, B.V.,**

                **Plaintiff,**

    **v.**                                    **1:05-cv-650-WSD**

**ROSS SYSTEMS, INC.,**

                **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion of Voluntary Dismissal Without Prejudice ("Mot. for Dismissal without Prejudice") [123] and Defendant's Motion for Order of Dismissal with Prejudice and Award of Attorneys' Fees Pursuant to Fed. R. Civ. P. 41(a)(2) and 17 U.S.C. § 505 [127] and Memorandum in Support thereof ("Mot. for Dismissal with Prejudice & Atty Fees") [128].

## I.  FACTUAL BACKGROUND

Plaintiff, Herkemij & Partners Knowledge, B.V. ("Plaintiff") filed this lawsuit on April 29, 2004, in the Northern District of California, against Defendant Ross Systems, Inc. ("Defendant") and Ross Systems Nederland B.V.,[1] alleging that

---

[1]  Ross Nederland is Defendant's Dutch subsidiary operating in the Netherlands.

Defendant's software, iProject, improperly infringed on Plaintiff's program code, called Project Administration and Control System ("PACS"). (Compl. [1].) On June 14, 2004, Defendant filed a motion to dismiss based on forum non conveniens or to transfer pursuant to 28 U.S.C. § 1404, and Ross Nederland filed a motion to dismiss for lack of personal jurisdiction. (Order transferring action to the Northern District of Georgia [70]; Prelim. Report & Disc. Sched. [79], at 2.) At a September 3, 2004, hearing and case management conference, the Court granted the motion to dismiss filed by Ross Nederland and permitted Plaintiff to conduct discovery relating to issues raised in the separate motion to dismiss or transfer filed by Defendant. (Prelim. Report & Disc. Sched., at 3.) During the time that the case was pending in California, Plaintiff served Defendant with fifteen interrogatories and thirteen requests for production of documents, to which Defendant responded and produced documents. (Order of June 16, 2005 [89]; Mot. for Dismissal with Prejudice & Atty Fees, at 6.) Defendant also responded to four additional requests for document production and twelve requests for admission. (Mot. for Dismissal with Prejudice & Atty Fees, at 6.) On February 4, 2005, Plaintiff filed a supplemental response, setting forth new allegations against Defendant. (Id.) On February 18, 2005, after 120 days of jurisdictional discovery, the District Court in

California granted Defendant's motion to transfer and transferred the case to the Northern District of Georgia.  (Order transferring action to the Northern District of Georgia [70].)  On August 4, 2005, the Court granted Plaintiff's Motion for Leave to file its Amended Complaint, and also ruled on a dispute regarding the form of the parties' protective order.  (Order Granting Motion for Leave to File Amended Complaint [105]; Mot. for Dismissal with Prejudice & Atty Fees, at 7.)

On June 2, 2005, a Rule 16 conference was held in chambers, and the Court reviewed written discovery Plaintiff served in the California phase of the case. (Transcript of Rule 16 Conference held on 6/2/05 [86].)  The Court also conducted three conference calls on August 10, 2005, October 18, 2005, and November 8, 2005, regarding a motion to compel filed by the Plaintiff, in which Plaintiff sought broad discovery of Defendant's source code, user documentation, and design and development documents for Ross System's software.

On September 13, 2005, Defendant produced the financial components of Defendant's iRenaissance ERP suite, in addition to other components sought by Plaintiff.  (Mot. for Dismissal with Prejudice & Atty Fees, at 9.)  On October 7, 2005, Plaintiff served the Expert Report of Anne McKaskill, which concluded that

no functionality or code similar to Plaintiff's product was found.  (Filing of Expert Report, Ex. A [114].)

Plaintiff, however, continued to seek additional discovery into different components of Defendant's software, and a telephone conference was conducted on October 18, 2005, to discuss the additional requests.  In the conference, Plaintiff stated that it was seeking the additional discovery because what was produced did not match the advertised capability of the product.  The Court expressed doubts as to the validity of the discovery Plaintiff was seeking.  (Transcript of Telephone Conference on 10/18/2005 [125], at 2:16-19, 2:23-3:2.)  On October 17, 2005, Plaintiff also filed a Supplemental Expert Report, contending that files were missing from the source code that Defendant produced.  (Filing of Supplemental Expert Report [116], Ex. A.)  On October 25, 2005, Plaintiff withdrew the Supplemental Report after discussion with the Court and investigation by the Plaintiff.  (Withdrawal of Plaintiff's Supplemental Expert Report [119].)  On November 8, 2005, a third telephone conference was held, in which the Court expressed doubt as to the validity of the Plaintiff's underlying claim.  (Transcript of Telephone Conf. held on 11/08/2005 [126], at 6:24-7:1.)

-4-

About three weeks later, on December 1, 2005, Plaintiff filed its Motion to Voluntarily Dismiss all claims without prejudice, seeking permission to dismiss its claims without prejudice and without any award of attorneys' fees or costs. On December 19, 2005, the Defendant filed its Motion to Dismiss with Prejudice and Award of Attorney's Fees and opposing Plaintiff's Motion to Dismiss without prejudice.

## II.  DISCUSSION

Plaintiff asks this Court to enter a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice. Id. In its motion, Plaintiff argues that it had a good faith basis for bringing this action because it did not have access to, and thus could not review, the code used by Defendant in the United States before it was produced by Defendant to Plaintiff during discovery in September 2005, and therefore it could not have known that

the software was not infringing.[2]  (Mot. for Dismissal without Prejudice, at 8.)

Plaintiff also states that it has prosecuted the action with diligence and has not

engaged in dilatory tactics.  (Id. at 12.)  Plaintiff contends, therefore, that it should

_____

[2]  As explanation of its good faith basis in bringing the action for infringement against Defendant, Plaintiff states that it had a previous business relationship with Defendant in which they created a link between Plaintiff and Defendant's software, because Plaintiff's product was able to administer and control projects.  (Mot. for Dismissal without Prejudice, at 4.)  According to the parties' agreement, Plaintiff retained intellectual property rights in the new software developed between the parties.  (Id. at 5.)  An employee of Plaintiff who was involved in these activities, Dirk de Haan, left Plaintiff's employ and later took a job with Ross Nederland, a former defendant in this case and Defendant's Dutch subsidiary.  (Id. at 5.)  At Ross Nederland's user conference in May of 2001, de Haan presented the outlay of Defendant's proposed project administration and control module using PowerPoint screens which were copies of screens of a prior version of the PACS software developed and owned by Plaintiff. He told users at the conference that Defendant and Ross Nederland would develop a new software module available in six to eight months.  (Id. at 6-7.)  Plaintiff states that from 2002-2004, Defendant's web site referred to the project accounting module developed between the parties, iRenaissance Project, as part of the financial suite of applications that Defendant was offering to customers.  When the lawsuit was filed, all references to the iRenaissance Project module and to project accounting were removed from Defendant's web site.  (Id. at 7-8.)  Plaintiff states that it reviewed a copy of Defendant's iRenaissance ERP system used in the Netherlands in late 2004, and it contained documentation and source code of Plaintiff's PACS software module.  (Id. at 8-9.)  Because the software states that the system is the property of Ross Systems and was developed in both English and Dutch, Plaintiff argues that these facts and their sequence supported its good faith belief that Defendant was selling the same version in the United States.  (Id.)

be allowed to dismiss this action without prejudice and without payment of costs or attorneys' fees.

Defendant, in its brief in support of its Motion for Dismissal with Prejudice and Attorneys' Fees, contends that Plaintiff did not have an objectively reasonable basis for bringing the suit, and that it has expended significant resources over two years in defending the lawsuit.  (Mot. for Dismissal with Prejudice & Atty Fees, at 12.)  It argues that Plaintiff's case should be dismissed with prejudice and that costs and attorneys' fees should be awarded to Defendant.  The question before the Court is on what terms this case should be allowed to be dismissed under Rule 41(a)(2).

In applying Rule 41(a)(2), the Eleventh Circuit has held:

> A voluntary dismissal without prejudice is not a matter of right.  Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court . . . .

Fisher v. Puerto Rico Marine Mgmt., 940 F.2d 1502, 1502-03 (11th Cir. 1991). The purpose of Rule 41(a)(2) is to preclude voluntary dismissals which inequitably affect the opposing party, and to allow the implementation of curative conditions

by the court.  Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga. 1991) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).  "When exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants."  Fisher, 940 F.2d at 1503.  For Rule 41(a)(2) purposes, therefore, the plaintiff's interest in dismissal is "of little concern."  Farmaceutisk, 142 F.R.D. at 181 (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).  As the Eleventh Circuit further explained: "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal."  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "[T]he prospect of a second lawsuit on the same set of facts" is not sufficient legal prejudice to the defendant to justify denying a plaintiff's motion to dismiss without prejudice.  See Durham v. Florida East Coast Railway Co., 385 F.2d 366 (5th Cir. 1967); McCants, 781 F.2d at 859.  Elaborating on this concept, the Eleventh Circuit noted in Pontenberg: "Delay alone, *in the absence of bad faith*, is insufficient to justify a dismissal with prejudice . . . ." Pontenberg, 252 F.3d at 1259 (emphasis added).

-8-

If a court grants a dismissal without prejudice under Rule 41(a)(2), it possesses broad discretion in determining what terms and conditions, if any, should be imposed as a condition for dismissal.  <u>Farmaceutisk</u>, 142 F.R.D. at 181.  "[T]he district court must exercise its broad equitable discretion under [the Rule] to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." <u>Id.</u> (citing <u>McCants</u>, 781 F.2d at 857).  Plaintiffs usually are not allowed to dismiss an action without prejudice under Rule 41(a)(2) "after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." <u>McCants</u>, 781 F.2d at 860.

The Eleventh Circuit has not explicitly adopted factors that a trial court should evaluate to determine whether a defendant would "suffer 'plain prejudice' versus the 'mere prospect of a second lawsuit'" in deciding if dismissal without prejudice is appropriate.[3]  <u>Mosley v. JLG Indus. Inc.</u>, No. 7:03cv119HL, 2005 WL

_____

[3] Several other circuit courts have adopted a list of factors for trial courts to consider when deciding whether to grant motions to dismiss without prejudice. They are:  "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for

2293567, at * 3 (M.D. Ga. Sept. 20, 2005) (noting Eleventh Circuit's failure to adopt specific factors for Rule 41(a)(2) dismissal and reviewing cases where the court denied dismissal under the rule).  The <u>Mosley</u> court noted, however, that the cases in our circuit "have hinged on various factors as the courts sought 'to weigh the relevant equities and do justice between the parties'"  <u>Id.</u>  That is, substantial discretion is vested in the District Court to evaluate what is a just resolution.

When courts in this circuit have denied a plaintiff's Rule 41(a)(2) motion for dismissal without prejudice, several factors were frequently important to the decision.  These factors include the length of time and amount of resources spent by the defendant litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a motion for summary judgment pending when the dismissal was requested.  <u>See</u> <u>Stephens v. Ga. Dept. of Transp.</u>,  134 Fed. Appx. 320, 323 (11th Cir. 2005) (basing denial of plaintiff's motion to dismiss without prejudice on the fact that two years had passed between plaintiff's complaint and motion to dismiss, many motions were filed and discovery produced within that time, and defendant's

_____

summary judgment has been filed by the defendant."  <u>Mosley</u>, 2005 WL 2293567 at *3 n.1 (citing <u>Pace v. S. Express Co.</u>, 409 F.2d 331, 334 (7th Cir. 1969)).  The Eleventh Circuit noted in <u>Pontenberg</u>, however, that "this circuit has never specifically addressed or adopted the <u>Pace</u> factors."  <u>Id.</u> (citing <u>Pontenberg</u>, 252 F.3d at 1259).

pending motion for summary judgment constituted prejudice to the defendant);
Fisher, 940 F.2d at 1503 (basing denial of plaintiff's motion to dismiss without prejudice on the time and expense already spent by the defendant on discovery and trial preparation, the late nature of the plaintiff's filings, and the potential negative effect on witness memories as evidence of plain prejudice to defendant); Mosley, 2005 WL 2293567, at * 3 (denying plaintiff's motion for voluntary dismissal because, in addition to the considerable time and money the defendant spent defending the case, the Court extended discovery numerous times for the Plaintiff to no avail, and the Defendant had already filed a motion for summary judgment when plaintiff filed its voluntary dismissal); McBride v. JLG Indus., Inc., No. 7:03CV118HL, 2005 WL 2293566, at *3 ( M.D. Ga. Sept. 20, 2005 ) (same). Courts are more likely to deny a voluntary dismissal where the plaintiff has been dilatory in conducting the litigation.

The Court here necessarily considers the processing of this litigation against the backdrop of the parties' relationship.  That relationship is embedded with acrimony and distrust, and litigation between the parties is not unusual.  This kind of the relationship often causes, as it has here, unnecessary effort to be expended. It also impeded the full and candid exchange of information.  As in all cases where

a relationship like this exists, both parties bear some responsibility for its creation and effect.  It is a factor the Court must consider in performing the difficult task of deciding the character of the dismissal to be entered and, if the dismissal is without prejudice, whether the burden and expense imposed by continuation of this litigation by Plaintiff requires an award of fees and expenses to Defendant.

After having carefully considered the history of this case in its entirety, the nature of the litigation and the relationship between the litigants, the Court concludes that the Defendant will not suffer sufficient legal prejudice to deny a dismissal without prejudice.  While the record in this case may support that Plaintiff delayed recognition of the weakness of its claim and that it made overly demanding requests for information from an opponent it did not trust, the Court does not find under the particular circumstances here that Plaintiff or its counsel acted in bad faith.[4]  Plaintiff has not acted in a purposefully dilatory fashion or failed to properly prosecute its case, despite the fact that in the end, it was unable to find a sufficient basis to sustain its claims.  Plaintiff did not make late filings

---

[4] Defendant's speculation and conjecture that "Plaintiff merely has been trying to gain access to a rival software company's 'crown jewels'" was more distracting than helpful.  (See Mot. for Dismissal with Prejudice & Atty Fees, at 4.) In a case like this the Court always is aided by an objective, fact-based presentation and citation of legal authority.

with the Court, and the matters presented to this Court for consideration and resolution, especially in the earlier stages, were consistent with litigation between strong-willed commercial competitors.  Dismissal was not requested in response to a dispositive motion filed by Defendant, after extended discovery or after Defendant had substantially prepared for trial.  Plaintiff has adequately demonstrated its good faith basis for filing the complaint and its subsequent decision to dismiss its claims.  Considering Plaintiff's lack of bad faith and these other factors, this Court cannot, under the circumstances, find that the Defendant will suffer any legal prejudice sufficient to deny a dismissal of this case without prejudice.

The Court also must consider whether Plaintiff's conduct in the action resulted in Defendant incurring a burden and expense for which equities and justice require that it be compensated.  See Farmaceutisk, 142 F.R.D. at 181.  "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice . . . after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation."  McCants, 781 F.2d at 860.

The Court ultimately concludes that it was the nature of the relationship which largely delayed the development of the information necessary for the claims to be dismissed.[5]  There came a point, however, where there was sufficient information for Plaintiff to dismiss its claims, but it elected, nonetheless, to cause the litigation to continue.  That date, this Court believes, was October 7, 2005, when Plaintiff had in hand the report of its expert.[6]

Since that time, Defendant has been required to submit an affidavit, participate in several telephone conferences with Plaintiff and the Court, and file and respond to various motions, including Plaintiff's motion to dismiss without any compensation to the Defendant.  Weighing the interests of the Defendant in light of its efforts and expenses incurred in litigating this case against Plaintiff's need for dismissal, the Court concludes that while Plaintiff's action will be

---

[5]  The processing of this case in California largely involved procedural relief sought by Defendant, who was the beneficiary of the ruling on the issues raised.

[6]  In evaluating whether fees and expenses are required to be paid, the Eleventh Circuit has considered whether a defendant was put to unnecessary expense to prepare for trial.  The parties did not engage in substantial merits discovery in this case.  But the Court finds that after October 7, 2005, the expense Defendant incurred was the result of Plaintiff's stubborn refusal to admit the inadequacy its claims, and this requires that Defendant be compensated for fees and expenses it incurred after that date.

dismissed without prejudice, Plaintiff should be required to reimburse Defendants for its litigation-related fees and expenses it incurred defending this suit after October 7, 2005.  See Sobe News, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378 (S.D. Fla. 2001) (granting plaintiff's motion for dismissal without prejudice on condition that plaintiff reimburse defendant for litigation-related expenses incurred defending the suit, when plaintiff stated its sole reason for dismissal was to refile and allege infringing conduct after expiration of defendant's insurance coverage); Farmaceutisk, 142 F.R.D. at 181 (granting plaintiff's motion for dismissal without prejudice, but conditioning the dismissal upon plaintiff making defendant whole for expense that turns out to be unnecessary to litigating defendant's counterclaims in the action).

Finally, the Court considers Defendant's request for attorneys' fees under the Copyright Act.  The Copyright Act provides that the court may "award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Because the Court has dismissed Plaintiff's case without prejudice, Defendant is not a prevailing party for purposes of the statute, and attorneys' fees other than those awarded pursuant to Rule 41(a)(2) are inappropriate.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human

Resources, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."); Hughs v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits . . . ."); Grayson v. K Mart Corp., 79 F.3d 1086, 1094 n.7 (11th Cir. 1996) ("A dismissal without prejudice refers to the fact that the dismissal is not on the merits . . . ."); McRae v. Rollins College, No. 6:05cv1767Orl22KRS, 2006 WL 1320153, at *3 (M.D. Fla. May 15, 2006) ("A dismissal without prejudice does not support a finding that a defendant was a prevailing party.").

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal [123] is **GRANTED**, and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order of Dismissal with Prejudice and Award of Attorneys' Fees Pursuant to Fed. R. Civ. P. 41(a)(2) and 17 U.S.C. § 505 [127] is **GRANTED,** in part, and **DENIED**, in part. Defendant's motion for dismissal with prejudice is **DENIED**.  Defendant's motion

-16-

for fees and expenses is **GRANTED**.  Plaintiff is **ORDERED** to pay Defendant's

reasonable costs, including attorneys' fees, incurred by Defendant after October 7,

2005, in the litigation of this matter.  Defendant shall submit, on or before June 26,

2006, an accounting of its costs and attorneys' fees incurred in connection with this

litigation after October 7, 2005.

SO **ORDERED** this 12th day of June, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE